UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGELIO MAY RUIZ,

        Plaintiff,

   v.

D. LEON, et al.,

        Defendants.

No. 2:19-cv-2201 JAM CKD P

FINDINGS AND RECOMMENDATIONS

       Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a first amended complaint.

I.     <u>Statutory Screening of Prisoner Complaints</u>

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

       A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639,

1

640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

////

////

II.  Amended Complaint

The first amended complaint alleges that defendants Leon, Dominguez, Lynch, and Bales violated plaintiff's constitutional rights by discriminating against him and falsifying documents and charges in a disciplinary proceeding.  Specifically, plaintiff alleges that Leon discriminated against him when Leon filed a false disciplinary report against plaintiff, spoke to plaintiff in English, and refused to provide an interpreter when plaintiff said he needed one.  (ECF No. 13 at 3.)  Dominguez then found him guilty of the disciplinary charge without any evidence except a report and issued an "unusual punishment."  (Id. at 4.)  It appears that plaintiff may also be alleging that Dominguez falsified documents, but it is unclear what was falsified.  (Id.)  As warden, Lynch was responsible for plaintiff being found guilty without any proof and lied about the existence of proof of the violation and about plaintiff being provided with an interpreter.  (Id. at 5.)  Finally, Bales found him guilty without any evidence except Leon's report, falsified documents by saying there was evidence to find plaintiff guilty, and did not provide plaintiff an interpreter.  (Id. at 7.)

III.  Failure to State a Claim

  A. Discrimination

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted).  "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose.  Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).

Although plaintiff alleges that Leon discriminated against him by writing him up, there are no facts to suggest that plaintiff was written up because of his membership in a protected class.  Similarly, the fact that Leon spoke to plaintiff in English does not establish discrimination,

3

particularly when plaintiff claims an interpreter should have been used, which suggests that Leon does not speak Spanish.  Finally, the failure to provide an interpreter as plaintiff was being written up does not support a claim of discrimination since there is no indication that plaintiff was denied a written copy of the charges, which he would have then been able to have translated.

### B. Due Process

As in the original complaint, it appears that plaintiff is attempting to allege that defendants denied him due process at various points in the disciplinary process.  To the extent he is attempting to allege that Leon violated his due process rights by filing a false disciplinary, this claim must fail because prisoners do not have a right to be free from false accusations.  Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections . . . are provided.").  To the extent it appears plaintiff may be alleging that Dominguez falsified documents, he fails to state a claim because it is not clear what he claims was falsified.

Plaintiff also appears to allege deficiencies with the disciplinary hearing itself.  However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted).  An inmate subject to disciplinary sanctions that include the loss of good-time credits must receive (1) at least twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564-65 (citation and internal quotation marks omitted); (3) an opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or

correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

Plaintiff alleges that he lost thirty days of credit and was therefore entitled to the due process outlined in Wolff. (ECF No. 13 at 3.) Although plaintiff claims he was found guilty without evidence, he also states that he was found guilty based on Leon's report and, though he claims the report was falsified, there are no allegations that any of the other defendants had reason to believe the report was falsified. Plaintiff also alleges that defendants Leon, Lynch, and Bales either denied him an interpreter or lied about the presence of an interpreter. However, it is unclear what Leon failed to provide an interpreter for, and to the extent it appears that plaintiff is claiming that Leon failed to have an interpreter while he explained why plaintiff was being written up, there is no such due process requirement. Additionally, the attachments to the complaint show that defendants Lynch and Bales were responsible for responding to or investigating plaintiff's appeal of the disciplinary conviction, and there is no due process right to an interpreter as part of the appeals process because there is no right to a particular appeals process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (inmates lack a liberty interest in the processing of an inmate appeal because there is no "separate constitutional entitlement to a specific prison grievance procedure" (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988))).

IV.   No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The court previously granted plaintiff an opportunity to amend, and despite the instructions plaintiff was given regarding the type of information necessary to state a claim, the allegations in the first amended complaint essentially repeat the allegations of the original complaint with no additional supporting facts to address the original's deficiencies. The court therefore concludes that plaintiff has no further facts to allege and is convinced that further opportunities to amend would be futile.

V. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that the first amended complaint be dismissed without leave to amend because you have not given enough facts to show that you have a claim.

Accordingly, IT IS HEREBY RECOMMENDED that the first amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 29, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:ruiz2201.dismiss.f&r